**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**File Name: 19a0471n.06**

**CASE NO. 18-6207**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Sep 09, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| LARRY PHILPOT, | ) | |
| | ) | |
| *Plaintiff-Appellant*, | ) | |
| | ) | |
| v. | ) | **ON APPEAL FROM THE** |
| | ) | **UNITED STATES DISTRICT** |
| LM COMMUNICATIONS II OF SOUTH | ) | **COURT FOR THE EASTERN** |
| CAROLINA, | ) | **DISTRICT OF KENTUCKY** |
| | ) | |
| *Defendant-Appellee*. | | |

Before: BATCHELDER, GRIFFIN, and DONALD, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Larry Philpot appeals the denial of his demand for attorney's fees in this copyright-infringement action. We REVERSE.

Philpot is a professional concert photographer who, in 2009, took a photograph of musician Willie Nelson during a Farm Aid Concert. Philpot registered the photo with the U.S. Copyright Office and received a certificate of registration. In 2011, Wikipedia invited Philpot to post the photo on the "Willie Nelson" Wikipedia page. Philpot did so and offers anyone a license to use the Nelson photo free of charge, so long as they comply with the Creative Commons Attribution 2.0 Generic License, which includes proper attribution to Philpot, including name, title, and uniform resource identifier, all of which are provided with the image file on Wikipedia.

LM Communications is a media company comprising 12 radio stations in three states and headquartered in Lexington, Kentucky. One of its stations is the Bridge 105.5 in Charleston, South Carolina, which has four or five employees and its own website, 1055thebridge.com. Lynn Martin is the owner and president of LM Communications. In February 2014, a concert promoter paid the Bridge 105.5 for on-air advertising to promote a concert featuring Willie Nelson and Alison Krauss. At about the same time, or shortly thereafter, someone at the Bridge 105.5 added a post announcing the concert to the 1055thebridge.com website's "Community Events" page, which publicizes noteworthy community events of interest to Bridge 105.5 listeners.

The post included photos of Nelson and Krauss, with the photo of Nelson clearly being Philpot's photo from the Wikipedia page. But the posted image did not provide attribution to Philpot or refer to the Creative Commons license. And Philpot had not given the station permission to use the Nelson photo outside of the scope of the Creative Commons license. On April 29, 2014, Philpot found the Nelson photo on the Bridge 105.5 Community Events page and took a screen shot to record it there. LM Communications concedes that the Nelson photo on its page was Philpot's photo from Wikipedia, posted without attribution to Philpot, and that someone at the Bridge 105.5 had done it, most likely a long-forgotten, unpaid intern.

In April 2017, Philpot sued LM Communications, raising multiple claims, chief among them copyright infringement under 17 U.S.C. § 501 for which he sought statutory damages via § 504(c)(1), which can range from $3,500 to $30,000, and reasonable attorney's fees as a prevailing party via § 505. The district court granted summary judgment to Philpot on the issue of copyright infringement, leaving extant only the determination of damages.

The parties requested a bench trial to determine damages. Following a one-day trial, the court determined that the infringement was not willful and exercised its "wide discretion in setting

damages within the statutory range" to find that "an award of $3,500.00 is sufficient under § 504(c)(1) to serve the goals of the Copyright Act." *Philpot v. L.M. Commc'ns II of S.C., Inc.*, 343 F. Supp. 3d 694, 700-03 (E.D. Ky. 2018). The court found that LM Communications had "reaped no profit and saved no expense by use of the Nelson photograph," *id*. at 703, and that Philpot had "failed to provide any evidence concerning actual damages or revenues lost," *id*. at 704. The court nevertheless held "that an award of statutory damages also serves the purpose of deterring wrongful conduct." *Id.*

As for Philpot's claim for attorney's fees, the district court held that Philpot was not "a clear prevailing party," as is necessary to satisfy § 505. *Id*. at 704-05 (citations omitted) ("[G]iven the amount of claims he lodged and the relatively small award [he obtained] . . . relative to what he sought[,] [t]he [judgment] was not a clear 'win' for Philpot."). Therefore, the court denied Philpot's motion for attorney's fees and costs, which Philpot now appeals.

Philpot argues that the district court erred as a matter of law by concluding that he was not the "prevailing party" under § 505. Because he did prevail on his infringement claim, we agree. *See Thoroughbred Software Int'l, Inc. v. Dice Corp.*, 488 F.3d 352, 362 (6th Cir. 2007) ("In copyright infringement cases, generally, the prevailing party is one who succeeds on a significant issue in the litigation that achieves some of the benefits the party sought in bringing suit." (quotation marks, editorial marks, and citation omitted)); *Bridgeport Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 893 (6th Cir. 2004) ("[W]hen a [party] succeeds in having summary judgment entered in its favor on the copyright infringement claims . . . , that [party] can only be described as having 'prevailed.'"). Given the district court's summary judgment that LM Communications had infringed Philpot's copyright, Philpot was a prevailing party. The district court erred in holding otherwise and abused its discretion by denying him attorney's fees on this basis. *See Bridgeport*

*Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 592 (6th Cir. 2008) ("The grant of fees and costs is the rule rather than the exception and they should be awarded routinely." (quotation marks, editorial marks, and citation omitted)). The court must apply the *Fogerty* factors to Philpot's claim for attorney's fees with recognition of Philpot as a prevailing party. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994); *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. --, 136 S.Ct. 1979 (2016).

We therefore REVERSE the judgment of the district court and REMAND for reconsideration consistent with this opinion.